IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| T&H PLASTICS, INC. | § | CASE NO. 16-32525-H5-11 |
| | § | |
| DEBTOR. | § | (SMALL BUSINESS CHAPTER 11) |

**CHAPTER 11 SMALL BUSINESS PLAN OF
REORGANIZATION BY T&H PLASTICS, INC.**

**I.   PLAN SUMMARY**

This Plan of Reorganization ("Plan") under Chapter 11 of the United States Bankruptcy Code proposes to pay the creditors of **T&H PLASTICS, INC.**, Debtor and Debtor-in-Possession ("Debtor") from the cash flow from operations.  This Plan provides for classes of secured claims, unsecured priority claims, general unsecured claims, and equity security holders.  Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 21.69%.  Additionally, this Plan provides for the payment of administrative and priority claims.  All creditors and equity security holders should refer to the provisions of this Plan below for information regarding the specific treatment of their claims.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.  **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**

**II.   CLASSIFICATION OF CLAIMS AND INTERESTS**

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the United States Bankruptcy Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.
Certain types of claims such as administrative expenses are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code.
The United States Trustee fees will continue to be paid through the date this case is closed. Further, the Debtor shall file monthly operating reports through the date this case is closed.

The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Attorneys Fees for Debtor's Counsel | $38,000.00[1] | The estimated amount includes post-petition work only.  A fee application will be filed with this Court setting forth the exact amount of the fees.  The estimate is before all draw downs on retainers.<br><br>In the event of any failure of the Reorganized Debtor to timely make its required plan payments to the creditor(s) in this class, which shall constitute an event of default under the Plan as to these creditors, they shall send notice as defined in Section VI of such default to the Reorganized Debtor. If the default is not cured within thirty (30) days of the date of such notice, these creditors may proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court.  The creditor(s) are only required to send two (2) notices of default, and upon the third event of default, the creditor(s) may proceed to collect all amounts owed under state law without recourse to the Bankruptcy Court and without further notice. |

Priority tax claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code.  Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

The following chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their proposed treatment under the Plan:

| Claimant | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| Texas Workforce Commission | $3,086.80 | 3rd quarter 2013 through 1st quarter 2016 per POC. | Debtor will pay this claim in 6 equal monthly installments beginning on the Effective Date of the plan.  The monthly installments will be in the amount of $514.47. |

---

[1] Counsel for Debtor will file a fee application separately from this plan and disclosure statement.

**CHAPTER 11 SMALL BUSINESS PLAN OF T&H PLASTICS, INC.**
**CASE NO. 14-32525-H5-11**                                                                      Page 2 of 10

| | | | |
|---|---|---|---|
| | | | In the event of any failure of the Reorganized Debtor to timely make its required plan payments to the creditor(s) in this class, which shall constitute an event of default under the Plan as to these creditors, they shall send notice as defined in Section VI of such default to the Reorganized Debtor. If the default is not cured within thirty (30) days of the date of such notice, these creditors may proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court. The creditor(s) are only required to send two (2) notices of default, and upon the third event of default, the creditor(s) may proceed to collect all amounts owed under state law without recourse to the Bankruptcy Court and without further notice. |
| Texas Comptroller of Public Accounts | $2,076.54 | 2016 | Debtor will pay this claim in 6 equal monthly installments beginning on the Effective Date of the plan. The monthly installments will be in the amount of $346.09.<br><br>In the event of any failure of the Reorganized Debtor to timely make its required plan payments to the creditor(s) in this class, which shall constitute an event of default under the Plan as to these creditors, they shall send notice as defined in Section VI of such default to the Reorganized Debtor. If the default is not cured within thirty (30) days of the date of such notice, these creditors may proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court. The creditor(s) are only required to send two (2) notices of default, and upon the third event of default, the creditor(s) may proceed to collect all amounts owed under state law without recourse to the Bankruptcy Court and without further notice. |

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim the deficiency will be classified as a general unsecured claim. The following chart lists all classes containing Debtor's secured pre-petition claims and their proposed treatment under the Plan:

| CLASS 1- AD VALOREM TAXES | Claim | Treatment |
|---|---|---|
| Harris County, et. al.<br><br>IMPAIRED | $1,822.91 | Paid in full pursuant to the requirements of the United States Bankruptcy Code or in 12 months if these creditors agree, with the first monthly payment being due and payable the Effective Date of the Plan. They will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511. The monthly payments for each taxing entity under this class will be the respective claim amounts amortized at 12% per annum for a period of 12 months with the first payment being due and payable on the Effective Date of the Plan; the respectively monthly payments for each entity will be as follows:<br><br>    Harris County et al: $161.96<br><br>    City of Houston: $179.21<br><br>    Houston ISD: $305.04<br><br>   Each Taxing authority in this class shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any property of the Debtor until it receives payment in full of all taxes, and interest owed to them under the provisions of this Plan, and their lien position shall not be diminished or primed by any Exit Financing, if any, approved by the Court in conjunction with the confirmation of this Plan. In the event of any failure of the Reorganized Debtor to timely make its required plan payments to these taxing authorities, or any failure to pay post-petition personal property taxes owed to these taxing authorities prior to delinquency, either of which shall constitute an event of default under the Plan as to these taxing authorities, they shall send notice as defined in Section VI of such default to the Reorganized Debtor. If the default is not cured within thirty (30) days of the date of such notice, these taxing authorities may proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court. The taxing authorities are only required to send two (2) notices of default, and upon the third event of |
| City of Houston<br><br>IMPAIRED | $2,017.01 | |
| Houston Independent School District<br><br>IMPAIRED | $3,433.21 | |

| | | |
|---|---|---|
| | | default, the taxing authorities may proceed to collect all amounts owed under state law without recourse to the Bankruptcy Court and without further notice. |
| **CLASS 2- OTHER SECURED CLAIMS** | **Claim** | **Treatment** |
| Iberiabank<br><br>IMPAIRED | $147,669.62<br><br>Collateral:<br>2013 Shredder Model YMD32120, serial no. CNZHAON66ZHA; 40-Ton Air Cooled Chiller, York Brand 460V; 410 feet of Mill Electric Cable | The Debtor values the collateral listed at $28,000.00. This is the value on the Petition Date. The Debtor will pay this claim as secured at an interest rate of 5.000% in twelve (12) equal monthly installments beginning on the Effective Date of the Plan. The monthly installment will be in the amount of $2,397.01.<br><br>In the event of any failure of the Reorganized Debtor to timely make its required plan payments to the creditor(s) in this class, which shall constitute an event of default under the Plan as to these creditors, they shall send notice of such default as defined in Section VI to the Reorganized Debtor. If the default is not cured within thirty (30) days of the date of such notice, these creditors may proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court. The creditor(s) are only required to send two (2) notices of default, and upon the third event of default, the creditor(s) may proceed to collect all amounts owed under state law without recourse to the Bankruptcy Court and without further notice. |
| **CLASS 3- UNSECURED DEFICIENCY CLAIMS** | **Claim** | **Treatment** |
| Iberiabank<br><br>IMPAIRED | $119,669.62 | The Debtor will make twelve (12) monthly installments of $600.00 on this claim beginning on the Effective Date of the Plan followed by eighteen (18) monthly installment payments of $2,000.00.<br><br>In the event of any failure of the Reorganized Debtor to timely make its required plan payments to the creditor(s) in this class, which shall constitute an event of default under the Plan as to these creditors, they shall send notice as defined in Section VI of such default to the Reorganized Debtor. If the default is not cured within thirty (30) days of the date of such notice, these creditors may proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court. The creditor(s) are only required to send two (2) notices of default, and upon the third event of default, the creditor(s) may proceed |

| | | |
|---|---|---|
| | | to collect all amounts owed under state law without recourse to the Bankruptcy Court and without further notice. |
| **CLASS 4- VENDOR CLAIMS** | **Claim** | **Treatment** |
| Praxair Distribution, Inc. | $30.00 | These creditors will be paid in full on the Effective Date of the Plan. |
| Texas Iron and Metal | $95.75 | In the event of any failure of the Reorganized Debtor to timely make its required plan payments to the creditor(s) in this class, which shall constitute an event of default under the Plan as to these creditors, they shall send notice as defined in Section VI of such default to the Reorganized Debtor. If the default is not cured within thirty (30) days of the date of such notice, these creditors may proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court. The creditor(s) are only required to send two (2) notices of default, and upon the third event of default, the creditor(s) may proceed to collect all amounts owed under state law without recourse to the Bankruptcy Court and without further notice. |
| Rodolfo Salas | $1,476.13 | |
| JMLORD International, Inc. | $2,640.00 | |
| Freight Dispatch Service Agency, LTD | $500.00 | |
| Colon Cedeno | $6,400.00 | |
| IMPAIRED | | |
| **CLASS 5-GENERAL UNSECURED CLAIMS** | **Claim** | **Treatment** |
| All other general unsecured claims<br><br>IMPAIRED | $604,000.00[2] | The Debtor will make seven (7) annual installment payments to all creditors with allowed claims in this class. The first installment payment will be made thirteen (13) months after the Effective Date of this plan. The amount of the annual installment payment will be $15,000.00. This payment will be disbursed to creditors with allowed claims in this class on a pro rata basis.<br><br>In the event of any failure of the Reorganized Debtor to timely make its required plan payments to the creditor(s) in this class, which shall constitute an event of default under the Plan as to these creditors, they shall send notice of such default as defined in Section VI to the Reorganized Debtor. If the default is not cured within thirty (30) days of the date of such notice, these creditors may proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court. The creditor(s) are only required to send two (2) notices of default, and upon the third event of default, the creditor(s) may |

---

[2] This is an estimated amount and may change due to claim objections or slight variations in calculations.

**CHAPTER 11 SMALL BUSINESS PLAN OF T&H PLASTICS, INC.**
**CASE NO. 14-32525-H5-11**                                                                                           **Page 6 of 10**

| | | |
|---|---|---|
| | | proceed to collect all amounts owed under state law without recourse to the Bankruptcy Court and without further notice. |

*Equity Interest Holders*

Equity interest holders are parties who hold an ownership interest (e.g. equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. The following chart sets forth the Plan's proposed treatment of the class of equity interest holders:

| CLASS 6- EQUITY INTEREST HOLDERS | | Treatment |
|---|---|---|
| Antonio Mendoza and Hector Gomez | 51% and 49% ownership, respectively | The owners will retain stock in the Reorganized Debtor. |

### III.     ALLOWANCE OR DISALLOWANCE OF CLAIMS

*Disputed Claim*. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been timely filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

*Delay of Distribution on a Disputed Claim*. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

*Settlement of Disputed Claims*. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

*Claim Objections*. The Debtor shall have 120 days from the Effective Date of the Plan to file objections to claims.

*Vesting of Property*. On the Effective Date, title to all assets and properties dealt with by the Plan shall vest in Reorganized Debtor, free and clear of all claims and interests other than any contractual secured claims granted under any lending agreement, on the condition that Reorganized Debtor complies with the terms of the Plan, including the making of all payments to creditors provided for in such Plan. If Reorganized Debtor defaults in performing under the provisions of this Plan and this case is converted to a case under chapter 7, all property vested in Reorganized Debtor and all subsequently acquired property owned as of or after the conversion date shall re-vest and constitute property of the bankruptcy estate in the converted case.

*Default* – Any creditor remedies allowed by 11 U.S.C. § 1112(b)(4)(N) shall be preserved to the extent otherwise available at law. In addition to any rights specifically provided to a claimant treated pursuant to this Plan, a failure by the Reorganized Debtor to make a payment to a creditor pursuant to the terms of this Plan shall be an event of default as to such payments if the payment is not cured within thirty (30) days after service of a written notice of default from such creditor, then such creditor may exercise any and all rights and remedies under applicable non-bankruptcy law to collect such claims or seek such relief as may be appropriate in the United States Bankruptcy Court.  The creditor(s) are only required to send two (2) notices of default, and upon the third event of default, the creditor(s) may proceed to collect all amounts owed under state law without recourse to the Bankruptcy Court and without further notice.

## IV.     PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed below, or before the date of the order confirming this Plan, upon the "effective date of this Plan." A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

*Assumed Leases:*
   Commercial Lease for Warehouse Space
   Leased Premises: 700 Plastics Ave., Houston, TX 77020
   Lessor: The Regus M. Magnus Irrevocable Children's Trust
   Lease Termination Date: June 30, 2018
   Cure Payments:  Debtor is responsible for one (1) pre-petition cure payment for the month of May 2016.  This cure payment will be paid on or before the date of Confirmation of this plan.

## V.     MEANS FOR IMPLEMENTATION OF THE PLAN

This Plan of Reorganization will be funded by the Reorganized Debtor through future income and continued operation of the business.  Debtor believes this Plan is feasible and Debtor will continue to operate its business; Debtor will make payments to its creditors according to Section II above. Additionally, the owners will personally contribute $12,597.00 to the Debtor as a new capital contribution to help fund the plan.

## VI.     GENERAL PROVISIONS

*Definitions and Rules of Construction*. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

*Effective Date of Plan*. The effective date of this Plan is the First of the month following confirmation of this plan unless the First of the month is ten business days or less from the date of confirmation and in that case, the effective date of this Plan is not the First of the month of the next month following confirmation but of the month after. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which

no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

*Net Profits*. "Net Profits" is defined as all earnings of the Debtor less overhead, taxes and plan payments to administrative, secured and priority claimants, but before depreciation.

*Notice*.  Notice as used in this Plan of Reorganization is defined as service via certified mail return receipt requested to counsel for the Reorganized Debtor and registered agent for the Reorganized Debtor.

*Severability*. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

*Binding Effect*. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

*Captions*. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

*Controlling Effect*. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## VII.   DISCHARGE

On the confirmation date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

## VIII.   EFFECT OF CONFIRMATION

As provided for in § 1141 of the Bankruptcy Code, the provisions of Debtor's Plan shall bind the Debtor and any creditor under the Plan, whether or not the claims of the creditor is impaired under the Plan and whether or not the creditor has accepted the Plan.  As provided for in § 1141(b) of the Bankruptcy Code, confirmation of the Debtor's Plan vests all of the property of the estate in the Debtor.  After confirmation of the Debtor's Plan, all property of the Debtor dealt with by the Plan (which includes all property of the Debtor) is free and clear of all liens, claims, and interests of the creditors and equity security holders, except to the extent provided in this Plan.

The rights afforded in the Plan shall be in exchange for and in complete satisfaction, discharge, and release of all claims of any nature whatsoever occurring on or prior to the

confirmation date, including any interest accrued thereon from and after the petition date, against Debtor, or any of its assets or properties. Except as otherwise provided herein, upon the Effective Date, in accordance with § 1141 of the Code, all such claims against Debtor shall be satisfied, discharged, and released in full. Except as otherwise provided herein, all creditors shall be precluded from asserting against Debtor any other or further claim based upon any act or omission, transaction, or other activity of any kind or nature occurring on or prior to the confirmation date.

Dated: January 30, 2017

                                                          Respectfully submitted,

                                                          **THE POLNICK LAW FIRM, PLLC**

                                                          */s/Veronica A. Polnick*
                                                          Veronica A. Polnick
                                                          SBN: 24079148
                                                          SDTX: 1321826
                                                          Genevieve M. Graham
                                                          SBN: 24085340
                                                          SDTX: 2089089
                                                          2311 Canal St., Suite 326
                                                          Houston TX 77003
                                                          Ph: (832) 533-2603
                                                          Fax: (832) 504-9489
                                                          Veronica.Polnick@polnicklaw.com

                                                          **ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION T&H PLASTICS, INC.**